Filed 1/14/15  P. v. Galvan CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060987 |
| v. | (Super.Ct.No. INF1302353) |
| EVAN PERFECTO GALVAN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Dale R. Wells, Judge.  Affirmed.

Melanie K. Dorian, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Evan Galvan is serving 11 years in prison for taking beer from a store clerk and possessing methamphetamine.

1

On September 5, 2013, defendant struggled with a convenience store clerk before taking a 12-pack of beer from her and walking out the door.

On September 7, 2013, a sheriff's deputy arresting defendant for public drunkenness found 0.2 grams of methamphetamine in one of defendant's pockets.

On November 27, 2013, the People filed an amended information charging defendant with robbery (Pen. Code, § 211)[1] and possessing methamphetamine (Health & Saf. Code, § 11377, subd. (a)). The People also alleged defendant had a prison term prior (§ 667.5, subd. (b)), a serious felony prior (§ 667, subd. (a)) and a strike prior (§§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1)).

On December 11, 2013, a jury convicted defendant on both counts. The clerk had testified at trial that she had seen defendant in the convenience store about two or three times previously and had seen his companion in the convenience store a few times more than that, and was completely sure that defendant was the person who took the beer from her on September 5, 2013.

On January 10, 2014, the court found each of the prior conviction allegations to be true. The court sentenced defendant to a total of 11 years in prison as follows: the mid-term of three years for the robbery, doubled to six years for the strike prior, plus five years for the serious felony prior. The court also imposed a concurrent sentence of 4 years for the drug possession and stayed the one-year sentence for the prison term prior.

---

[1] All section references are to the Penal Code unless otherwise indicated.

This appeal followed.

## DISCUSSION

This court appointed counsel to represent defendant on appeal. Appointed counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a statement of the case, and potential arguable issues. Counsel has also requested this court to undertake a review of the entire record.

Defendant has been offered the opportunity to file a personal supplemental brief, which he has done. Defendant argues: (1) the trial court abused its discretion when it denied defendant's *Marsden*[2] motion; (2) defense counsel rendered ineffective assistance of counsel; and (3) the trial court violated defendant's rights to Due Process and Equal Protection when it failed to advise him of his right to counsel and his right to a speedy and public trial.

1. *Marsden Hearing*.

On December 10, 2013, in the middle of trial, defendant triggered a *Marsden* hearing by passing a note to defense counsel asking to relieve defense counsel. During the hearing, defendant complained first that counsel did not obtain *Brady* discovery from the People, second that no one advised him of his right to hire counsel of his own choosing or to represent himself, and third that counsel had ignored a note defendant had just passed during trial asking counsel to argue to the jury that the suspect in the

---

[2] *People v. Marsden* (1970) 2 Cal.3d 118.

3

photographs and security video did not have a large tattoo on his chest, whereas defendant did. In his brief, defendant argues these issues were enough to compel the trial court to appoint new counsel, and also complains, as a fourth *Marsden* issue, that counsel improperly conceded the issues of identity and alibi to concentrate on whether defendant's conduct in taking the beer from the store clerk met the threshold of robbery.

"[S]ubstitute counsel should be appointed when, and only when, necessary under the *Marsden* standard, that is whenever, in the exercise of its discretion, the court finds that the defendant has shown that a failure to replace the appointed attorney would substantially impair the right to assistance of counsel [citation], or, stated slightly differently, if the record shows that the first appointed attorney is not providing adequate representation or that the defendant and the attorney have become embroiled in such an irreconcilable conflict that ineffective representation is likely to result [citation]." (*People v. Smith* (1993) 6 Cal.4th 684, 696 (*Smith*).) "The court should deny a request for new counsel at any stage unless it is satisfied that the defendant has made the required showing. This lies within the exercise of the trial court's discretion, which will not be overturned on appeal absent a clear abuse of that discretion." (*Id*. at p. 696.)

We do not find abuse of discretion by the trial court when it declined to appoint substitute counsel, for the following reasons. First, defendant admitted that defense counsel told him that he believed the "DA gave as was all she had in her possession and he had told me that was all that she had in her possession." In addition, defense counsel told the court that he did not believe there was any *Brady* material. Second, defendant's complaint that he was not advised of his right to hire defense counsel of his own choosing

4

or to act as his own defense counsel is not relevant to whether defense counsel was providing adequate representation or whether defendant and counsel had an irreconcilable conflict. Third, defendant's point about counsel ignoring his note about him having a tattoo on his chest that is not shown in the security video and photos was made moot directly after the *Marsden* hearing when defense counsel asked the clerk whether she remembered seeing any tattoos on the man who took the beer, whether she saw any tattoos on a photo from the security video, and whether she saw any tattoos on defendant, whom counsel asked to face the clerk and open his shirt so the clerk could see his tattoos.[3] Fourth, counsel was not inadequate for conceding identity and alibi and concentrating on whether defendant's actions constituted robbery. This is because the clerk was completely sure of her identification of defendant because she had seen him in the convenience store a number of times. In addition, defendant told the court during the *Marsden* hearing that he himself was not disputing "identification, but *Brady* discovery in general." A disagreement as to tactics and strategy is not sufficient to require a substitution of counsel. (*People v. Stewart* (1970) 6 Cal.App.3d 457, 464-465.) "[T]here is no constitutional right to an attorney who will conduct the defense of the case in accordance with an indigent defendant's whims." (*People v. Nailor* (1966) 240 Cal.App.2d 489, 494.) For these reasons, defendant's arguments regarding the outcome of his *Marsden* hearing fail.

---

[3] The People pointed out that on the day of the robbery only about four inches of defendant's chest was showing through his polo shirt, whereas defendant at trial showed his chest tattoos after unbuttoning two shirt buttons.

2.  *Ineffective Assistance of Counsel* (IAC).

Defendant argues his trial counsel was ineffective because:  (1) he failed to obtain *Brady* discovery in the form of the six-pack photo lineup that was shown to the clerk and he did not conduct any investigation into the clerk's identification of defendant; (2) he did not investigate the security video to discover that the person shown did not have any tattoos on his chest as defendant has; and (3) counsel pursued a meritless defense regarding how much force is necessary to constitute robbery without investigating law and fact.

"Establishing a claim of ineffective assistance of counsel requires the defendant to demonstrate (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's deficient representation prejudiced the defendant, i.e., there is a 'reasonable probability' that, but for counsel's failings, defendant would have obtained a more favorable result. [Citations.]  A 'reasonable probability' is one that is enough to undermine confidence in the outcome.  [Citations.]" (*People v. Dennis* (1998) 17 Cal.4th 468, 540-541.)

First, defendant claims he would have received a more favorable result had defense counsel obtained a copy of the six-pack photo lineup that was shown to the clerk before she initially identified defendant and generally conducted an investigation into the identification.  Specifically, defendant points out that in the initial police interview the clerk specified that she had seen defendant in the store before when he stole beer by threatening that he had a gun.  Defendant believes defense counsel could have used this information from the police report to "cross-examine [the witness] thereby impeach her

6

and discrediting her . . . identification" because the record contains no previous police report, 911 calls or other evidence to document that this statement of the clerk to the police officer was true. We do not see how this was ineffective assistance by counsel, or how it would have affected the outcome of the trial. Defense counsel chose as a matter of strategy to not contest the clerk's identification of defendant, supported as it was by her previous encounters with defendant. Had he chosen to contest the clerk's identification using the information to which defendant points, there is no probability that defendant would have obtained a better result. Second, regarding the security video, defendant argues defense counsel should have more vigorously pursued whether the video surveillance showed enough of defendant's chest to establish that the man in the video did not have chest tattoos and therefore could not have been defendant. Again, defense counsel was allowed to choose the defense strategy of conceding identification but challenging the amount of force used. In addition, the still photo from the video surveillance that defendant attaches to his supplemental petition as "Exhibit E" shows about four inches of defendant's chest, as was discussed at trial, instead of the 10 inches that defendant claims in his brief. For these reasons, we find counsel's assistance was not deficient and that any deficiency did not change the outcome of the trial. Third, regarding defense counsel's decision to pursue the "meritless defense" that defendant used less force than is necessary to establish the elements of robbery, as opposed to petty theft, again, a defendant is not entitled to dictate to defense counsel which trial strategy to pursue. For these reasons, we find defendant has not established ineffective assistance of counsel.

7

3. *Rights to Counsel and Speedy Public Trial, etc.*

Defendant argues he was never advised of the following Constitutional rights: the right to counsel of his own choosing, to represent himself at trial, and to a speedy public trial. Defendant also argues he was never advised of the charges or given a chance to plead to the charges. The record belies each of these claims. The minute order for defendant's arraignment on September 11, 2013, states "Defendant Waives Reading of the Complaint/Information" and "Counsel stipulates to advisement of rights." The preliminary hearing transcript shows the prosecutor stated in open court that the People had offered defendant 11 years to plead guilty. Defendant's claims on these issues are meritless.

After a full examination of the entire record, we discern no arguable issues on appeal.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ_____
P. J.

We concur:

HOLLENHORST_____
                J.

KING_____
                J.